EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS     #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:     Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>MANUEL C. VILLALUZ,<br><br>         Defendant. | ) CR No. 04-00184 HG<br>)<br>) GOVERNMENT'S OPPOSITION TO<br>) DEFENDANT'S MOTION FOR<br>) REDUCTION OF SENTENCE PURSUANT<br>) TO 18 U.S.C. § 3582(C);<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>) |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)

The United States of America, through its counsel, Assistant United States Attorney Chris A. Thomas, Esq., hereby files an opposition to Defendant Manuel C. Villaluz's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (hereinafter "Defendant's Motion").  In his motion, defendant

relies on a recent retroactive amendment to the United States Sentencing Guidelines which lowered the base offense levels applicable under USSG § 2D1.1 to cocaine base ("crack") offenses.

This amendment is inapplicable to Defendant, as he was sentenced subject to a statutory mandatory minimum penalty, and therefore his sentence may not be reduced below the statutory mandatory minimum of 60 months.

On January 29, 2004, a single count Indictment was filed in the District of Hawaii, charging that on or about January 16, 2004, Defendant possessed a shotgun with a barrel less than 18 inches which was not registered to him in the National Firearms Registration Transfer Record, a violation of Title 26 U.S.C. §§ 5845(a) and 5861(d).

On May 13, 2004, the government filed a single count Information in the District of Hawaii, charging that on or about January 16, 2004, Defendant did knowingly and intentionally possess with intent to distribute 5 grams or more of cocaine, its salts, optical and geometric isomers, and salts of its isomers which contained cocaine base, in violation of Title 21 U.S.C. § 841(a).

On May 13, 2004, Defendant appeared before a U.S. Magistrate Judge and pursuant to a plea agreement, the Defendant plead guilty to the single count Information in return for the dismissal of the single count Indictment at sentencing.

Defendant was sentenced on April 4, 2005. Defendant's guideline computations at his original sentencing resulted in an offense level of 25 and a criminal history category of I for a guideline range of imprisonment of 57 to 71 months. However, since the minimum of the guideline range was less than the statutorily authorized minimum sentence, the applicable guideline range was 60 to 71 months. See U.S.S.G. § 5G1.1(c)(2). Defendant was sentenced subject to a mandatory minimum of 5 years imprisonment pursuant to Title 21 U.S.C. § 841(b)(1)(B). Defendant received a sentence of 60 months imprisonment. The Judgment and Commitment as to Defendant was filed by the Court on April 11, 2005. Defendant did not appeal his sentence.

I.   **BACKGROUND ON THE RETROACTIVE GUIDELINE AMENDMENT**

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively

pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) *In General*.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) *Exclusions*.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

---

[1] Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir. 1993); United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997).

>> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See USSG, Supplement to App. C, Amend. 706.[3]

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and

Previously, the Commission had set the entire range in Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence.  Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty.  For example, a trafficking offense involving fifty grams of crack cocaine requires a statutory mandatory minimum sentence of ten years imprisonment.  See 21 U.S.C. § 841(b)(1)(A).  The revised guideline applies an offense level of 30 to a quantity of cocaine base ("crack") of at least 50 grams but less than 150 grams; at criminal history category I, this level produces a range of 97-121 months, which encompasses the 120-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

## II.   DEFENDANT WAS SENTENCED TO A STATUTORY MANDATORY MANDATORY MINIMUM OF 60 MONTHS

Defendant's motion should be denied because, as stated earlier, he was sentenced subject to a mandatory minimum sentence required by statute.  The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that

---

powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

mandate continues to apply.  See also, USSG § 1B1.10 comment. (n.1(A)) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment").  Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant.  See United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); see also, e.g., United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994).

      Therefore, Defendant's motion should summarily be denied.

### III. CONCLUSION

      For the reasons stated above, the government respectfully requests that Defendant's Motion be denied since his

sentence cannot be reduced below the statutory mandatory minimum of 60 months.

        DATED: September 2, 2008, at Honolulu, Hawaii.

                Respectfully submitted,

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii


                By /s/ Chris A. Thomas
                    CHRIS A. THOMAS
                    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served electronically through CM/ECF:

| | |
|---|---|
| **RICHARD S. KAWANA, Esq.**<br>rskawana@prodigy.net | September 2, 2008 |

Counsel for Defendant
MANUEL C. VILLALUZ

Served by hand delivery:

| | |
|---|---|
| **U.S. PROBATION OFFICE**<br>300 Ala Moana Blvd., Rm. 2-215<br>Honolulu, Hawaii 96850 | September 2, 2008 |

Attn: TERESA LONGBOY-HEALY

DATED: September 2, 2008, at Honolulu, Hawaii.

/s/ Janice Tsumoto